UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL JOSEPH VLASAK                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:24-cv-194-DPJ-ASH

MARLA HALL, RN, Director of Nursing;
GRATIANA HANDY, MDOC Supervisor;
TODD McALPIN, Madison County ADA;
and VITALCORE HEALTH STRATEGIES                                                                   DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court on Defendant Assistant District Attorney (ADA) Todd McAlpin's Motion to Dismiss [16]. Pro se Plaintiff Paul Joseph Vlasak filed a Response [21].[1] Having considered the pleadings, McAlpin's motion, Vlasak's response, and the applicable law, the undersigned recommends that Vlasak's claims against McAlpin be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

I.      Background

    A.      Complaint

Vlasak is a prisoner currently incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. Vlasak filed this Complaint on April 5, 2024, and paid the filing fee on May 28, 2024. Vlasak named Todd McAlpin, Assistant District Attorney for Madison County, Mississippi, as one of the defendants. Compl. [1] at 1–2. He alleges that McAlpin violated his right to privacy under the Health Insurance Portability and Accountability Act (HIPAA). *Id*. at 5. Vlasak claims that the Madison County Detention Center supervisory

---

[1] Vlasak's Responses [20] [21] for Defendant McAlpin are duplicative. Resp. [20] at 8; Resp. [21] at 1.

1

emailed "confidential psychiatric medical information" to "ADA Todd McAlpin" on February 22, 2022. *Id*. McAlpin then emailed it on April 18, 2022, to Assistant District Attorney Katie Mounds, who disclosed it to a state judge in an "unrelated criminal matter." *Id*. Specifically, Vlasak claims that McAlpin "blatantly violat[ed] Plaintiff's federally protected rights by sending" this medical information to Assistant District Attorney Moulds. *Id*. Vlasak's Complaint is short on detail about *what* was disclosed. *Id*. But he complains that the disclosure of information destroyed his reputation "and any consideration for leniency." *Id.* at 5–6. As a result, he "then received the maximum sentence allowed with all counts to be served consecutively, day for day, with no possibility of parole." *Id*. at 6. Vlasak further asserts that his "excessively harsh sentence was caused by the Defendants' breach of [f]ederally protected rights." *Id*. As relief, Vlasak seeks monetary damages. *Id*. at 4.

      B.      Defendant McAlpin's Motion to Dismiss [16]

McAlpin argues Vlasak fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) "because [McAlpin] has absolute prosecutorial immunity for all claims against him in this matter." Def.'s Mot. [16] at 1. According to McAlpin, Vlasak received two plea hearings in his criminal case. Def.'s Memo. [17] at 1. Following Vlasak's first plea hearing, he moved to set it aside. He claimed in open court that "[h]e has previously been on . . . Wellbutrin," he is given only Effexor at the detention center, he "took Effexor on the morning of the guilty plea hearing," and that this impacted his decision to plead guilty. Hr'g Tr. [17-1] at 18. The Madison County Circuit Court allowed Vlasak to withdraw his plea, and he thereafter, by agreed order, submitted to a mental evaluation. *Id*. at 24. The mental evaluation deemed Vlasak competent at the time of his offense and to stand trial, and the state court adopted those findings at Vlasak's competency hearing on April 18, 2022. *Id.* at 25–26.

Having determined him competent, the state court held a second plea hearing that same day, during which Vlasak pleaded guilty to "three counts of fraudulent use of identifying information." Def.'s Memo. [17] at 2. Vlasak asserts that McAlpin violated his "constitutionally protected right to privacy" under HIPAA when McAlpin forwarded Vlasak's psychiatric information to Assistant District Attorney Moulds, who then "disclosed this information to the circuit court judge in an 'unrelated criminal case.'" *Id*. at 2–3. Because of that disclosure, Vlasak asserts that "he received the maximum sentence allowed with no possibility of parole." *Id*. at 3.

As to Vlasak's allegation that McAlpin "violated HIPAA by disclosing 'confidential psychiatric information,' which resulted in a maximum sentence with no possibility of parole[,]" McAlpin claims—without elaboration—that this is "inaccurate." *Id*. at 4. Nonetheless, he asserts that prosecutorial immunity shields him from Vlasak's claims. *Id*.

  C. Vlasak's Response [20]

After being ordered to do so, Vlasak filed a response (twice). Order [19] at 1–2. In it, Vlasak continues to explain the chain of events giving rise to his complaint—"[t]he E-mail transmissions include[] Todd McAlpin who received a[n] e-mail regarding the plaintiff, who in turn forwarded [it] to Assistant District Attorney Katie Moulds who was assigned to plaintiff['s] unrelated criminal case." Pl.'s Resp. [20] at 8. Vlasak asserts nothing more. *Id*.

II. Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may request dismissal of a complaint on the pleadings when there is a "failure to state a claim upon which relief can be granted." "A complaint barred by an affirmative defense, such as prosecutorial immunity, may be properly dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Brown v. Lee*, No. 3:19-CV-33-HTW-LRA, 2021 WL 1557410, at *7 (S.D. Miss. Mar.

29, 2021) (citing *Morrison v. Walker*, 704 F. App'x 369, 372 n.5 (5th Cir. 2017) ("holding Rule 12(b)(6) standard applicable 'because the arguments for immunity are attacks on the existence of a federal cause of action'"); *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 276 (5th Cir. 2001) ("applying Rule 12(b)(6) standard to motion to dismiss based on prosecutorial immunity")).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court "accept[s] all well-pleaded facts as true." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)). The Court, however, "does not 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id*. A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to overcome a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When evaluating the pleadings, a court "consider[s] 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice.'" *Benfer v. City of Baytown, Tex.*, 120 F.4th 1272, 1278 n.2 (5th Cir. 2024) (quotations omitted). McAlpin relies on the transcript of Vlasak's motions hearings, guilty pleas, and sentencings in Vlasak's state criminal matter. *See* Hr'g Tr. [17-1] at 1–44. Judicial notice can be taken of public records like a criminal trial transcript. *Martin v. Roy*, No. CV 20-339-JWD-EWD, 2022 WL 894599, at *6 (M.D. La. Mar. 25, 2022) (citations omitted). The transcript is a part of Vlasak's criminal state court proceeding and is considered a public record, of which the undersigned takes judicial notice.

III.     Analysis

"A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in h[is] role as 'advocate for the state' in the courts, or when h[is] conduct is 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824

4

F.3d 534, 539 (5th Cir. 2016) (quotations omitted)). This broad immunity applies even when "[he] act[s] maliciously, wantonly or negligently" in the exercise of the advocatory function. *Id.*

Vlasak's Complaint states that "ADA McAlpin" emailed his "confidential psychiatric medical information" to Assistant District Attorney Moulds. Compl. [1] at 5. He claims that McAlpin sent this to Moulds on April 18, 2022. *Id.* This was the day of Vlasak's competency hearing, during which Vlasak was found competent and after which he pleaded guilty. Hr'g Tr. [17-1] at 26, 38. Vlasak further claims that as a result of McAlpin forwarding the email to Moulds, he "received the maximum sentence allowed, with all counts to be served consecutively, day for day, with no possibility of parole." Compl. [1] at 5–6. Vlasak alleges that "ADA McAlpin" forwarded psychiatric information to "ADA Moulds" on the day of Vlasak's competency and plea hearing. *Id.* at 5. He asserts no facts that the actions by McAlpin were beyond his duties as a prosecuting attorney. It is unnecessary to determine whether McAlpin forwarded the information to his ADA-colleague for Vlasak's competency and plea hearing or for the allegedly unrelated sentencing. Absolute immunity applies to McAlpin's challenged conduct in connection with Vlasak's plea and his sentencing because it was "intimately associated with the judicial phase of the criminal process." *See Van de Kamp v. Goldstein,* 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). McAlpin is absolutely immune from the claims asserted in Vlasak's Complaint [1]. Because McAlpin is entitled to absolute immunity in this case, the undersigned recommends that Defendant McAlpin's Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(6) be granted.

Generally, courts afford pro se plaintiffs at least one opportunity to amend. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). But exceptions exist when, for example, "the [pleading] defect is simply incurable or the plaintiff has failed to plead with particularity after

being afforded repeated opportunities to do so." *Id.* No amendment by Vlasak can overcome McAlpin's entitlement to absolute prosecutorial immunity. Therefore, the undersigned recommends that the motion to dismiss be granted without leave to amend.

In any event, the undersigned's recommendation for dismissal places Vlasak on notice of the deficiencies in his Complaint. And the opportunity to file objections to this recommendation gives Vlasak a chance to plead his best case (if he has not done so already) by stating how any amended complaint could overcome grounds for dismissal identified by the Court. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court.").

IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that McAlpin's motion [16] be granted, that Vlasak's claims against him be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). The undersigned also recommends that the Court dismiss Vlasak's claims against McAlpin without first granting leave to amend.

V.      Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

6

evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 25th day of June, 2025.

*s/ Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE