UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL JOSEPH VLASAK                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:24-CV-194-DPJ-ASH

MARLA HALL, ET AL.                                                                   DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court on Defendant Gratiana Handy's Motion to Dismiss [38]

under Federal Rule of Civil Procedure 12(b)(5). Pro se Plaintiff Paul Joseph Vlasak filed a

response [43].[1] Handy then filed a reply [44], and Vlasak, without seeking leave, filed a sur-reply

styled as his "Rebuttal in Support of Plaintiff Paul J. Vlasak's Motion Objecting to Defendant

Gratiana Handy's Motion to Dismiss for Insufficient Service of Process" [49]. Having

considered this matter, the undersigned recommends that the Court grant Handy's motion in part

by holding she was improperly served, deny the motion without prejudice as to her request that

she be dismissed from the lawsuit, and give Vlasak a final opportunity to serve her properly.

I.      BACKGROUND

Vlasak is a pro se prisoner currently incarcerated at the South Mississippi Correctional

Institution in Leakesville, Mississippi. He filed this civil action under 42 U.S.C. § 1983 on April

5, 2024. Compl. [1] at 1–6. Vlasak complains that Defendants in 2022 violated his constitutional

---

[1] Vlasak's filed a "Motion Objecting" to Handy's motion to dismiss, but the Court
construes this as a response in opposition. *See Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th
Cir. 2011) ("It is the substance of the relief sought by a pro se pleading, not the label that the
petitioner has attached to it, that determines the true nature" of the pleading.)

right to privacy and his privacy rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *Id*. at 4–6.

Vlasak is not proceeding in forma pauperis; he paid the filing fee on May 28, 2024. The Court acknowledged his payment on May 30, 2024, and explained that "he was responsible for having the Defendants served with process as required by Rule 4 of the Federal Rules of Civil Procedure." Order [8] at 1. That Order warned Vlasak that he had 90 days to properly serve Defendants and that his failure to do so may result in dismissal. *Id*. The Court also directed the Clerk to mail to Vlasak summons forms, general instructions for service of process, and a copy of Rule 4 of the Federal Rules of Civil Procedure. *Id*. The Clerk issued a summons for Handy on August 9, 2024. Summons [13].

Vlasak later requested that the Court direct the United States Marshal Service to serve process, including on Handy. The Court denied Vlasak's motion on February 18, 2025, but also granted him an additional 60 days to serve Handy (and others). Order [26] at 1. The Court again mailed Vlasak a copy of Federal Rule of Civil Procedure 4 and the General Instruction for Service of Process. *Id*. at 2. Three weeks later, and at Vlasak's request, the Clerk reissued a summons to Handy at Madison County Detention Center, 2935 Highway 51, Canton, Mississippi 39046. Summons [29].

In his response [43], Vlasak says that because Handy did not file a waiver he would "arrange to have a summons served on [her]." Pl.'s Resp. [43] at 1. He attaches a copy of the certified mail receipt addressed to Handy. Pl.'s Attach. [43-4]. He also states that "the summons and copy of this civil complaint was certified mailed to Defendant Gratiana Handy, MCDC Supervisor @ 2935 Hwy. 51, Canton, Ms. 39046." Pl.'s Resp. [43-3] at 3.

II.    STANDARD

A motion to dismiss under Rule 12(b)(5) "challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.)); *see also Davis v. Pilot Co.*, No. 3:24-CV-206-DPJ-ASH, 2025 WL 77066, at *1 (S.D. Miss. Jan 10, 2025). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citation omitted).

Rule 4(m) sets a 90-day deadline to complete service of process. If service of process is not completed by that time, then "'upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service.'" *Denham v. Watkins*, No. 3:23-CV-149-CWR-LGI, 2024 WL 4441375, at *3 (S.D. Miss. April 16, 2024) (quoting *Lister v. United States of Am.*, No. 4:21-CV-3087, 2023 WL 4295474, at *2 (S.D. Tex. June 29, 2023) (citation and quotations omitted)). But "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). Such "discretionary extension may be warranted" because "the applicable statute of limitations would bar the refiled action." *Id*. (citation omitted).

III.    ANALYSIS

A.    Means Authorized to Serve Process

Federal Rule of Civil Procedure 4(d) "provides that [a]n individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the

summons." *Johnson v. City of Jackson, Miss.*, No. 3:23-cv-76-TSL-RPM, 2023 WL 3690240, at

*1 (S.D. Miss. May 26, 2023). "The plaintiff may notify such a defendant that an action has been

commenced and request that the defendant waive service of a summons . . . ." *Id.* Absent waiver

of service, a plaintiff is required to satisfy Rule 4(e)'s requirements for serving an individual.

Rule 4(e) offers Vlasak four ways to serve an individual: (1) as provided by Mississippi

law for service in state courts, Fed. R. Civ. P. 4(e)(1) (looking to state law where the district

court is located or service is made); (2) "delivering a copy of the summons and of the complaint

to the individual personally," *id.* R. 4(e)(2)(A); (3) "leaving a copy of each at the individual's

dwelling or usual place of abode with someone of suitable age and discretion who resides there,"

*id.* R. 4(e)(2)(B); and (4) "delivering a copy of each to an agent authorized by appointment or by

law to receive service of process," *id.* R. 4(e)(2)(C).

As to the federal rule's authorization to use state law, an individual can be served under

Mississippi law by (1) a process server who is "not a party" and at least 18 years old, Miss. R.

Civ. P. 4(c)(1); (2) a sheriff of the county where the defendant resides or is found, *id.* R. 4(c)(2);

(3) securing a waiver of service from the defendant in accordance with the procedures in Rule

4(c)(3); and (4) publication when authorized by the rule or other law, *id.* R. 4(c)(4). Mississippi

law also allows service by certified mail, but only "on a person outside the State of Mississippi."

Miss. R. Civ. P. 4(c)(5).

If a plaintiff uses process server or sheriff, then "[s]ervice . . . shall be made . . . by

delivering a copy of the summons and of the complaint to him personally or to an agent

authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(1)(A).

If this cannot be done "with reasonable diligence," then the process server or sheriff may serve

process

> by leaving a copy of the summons and complaint at the defendant's
> usual place of abode with the defendant's spouse or some other
> person of the defendant's family above the age of sixteen years who
> is willing to receive service, and therefore mailing a copy of the
> summons and complaint (first fist class mail, postage prepaid) to the
> person to be served at the place where a copy of the summons and
> of the complaint were left.

Miss. R. Civ. P. 4(d)(1)(B).

B.    Vlasak's Service Efforts

To properly serve Handy with process, Vlasak must comply with Federal Rule of Civil Procedure 4 as detailed above. The Court sent him summons forms and a copy of the General Instructions for Service of Process on May 30, 2024, and gave him an additional 60 days to serve Handy on February 18, 2025. Order [8]; Order [26]. Handy argues that the Court should dismiss her from the lawsuit without prejudice because Vlasak failed to properly serve her with process. Def.'s Mot. [38] at 1. In support of her motion, Handy attaches a copy of Vlasak's Proofs of Service demonstrating he served her by certified mail. Def.'s Attach. [38-1] at 2–3. Vlasak does not dispute using certified mail to serve her.[2] *See* Pl.'s Attach. [43-3] at 3; Pl.'s Attach. [49-3] at 6. But therein lies the problem.

Handy is a resident of Mississippi and an employee of the Madison County Sheriff's Department. Def.'s Memo. [39] at 6. So, Vlasak cannot serve her by certified mail; that method is reserved only for "a person outside this state." Miss. R. Civ. P. 4(c)(5). This makes Vlasak's attempt at certified-mail service insufficient and ineffective.

---

[2] Vlasak claims he attached an affidavit by Paralegal Mitzi Magleby attesting that she mailed to Handy, by certified mail, a copy of the issued summons *and* Complaint. *See* Pl.'s Attach. [43-3] at 3. That affidavit is not in the record before the Court. The only affidavit Vlasak attached from Magleby relates to service on Defendant Vital Corp. Pl.'s Attach. [43-2].

Even if Vlasak had attempted to serve Handy by first-class, postage prepaid mail in compliance with Mississippi Rule of Civil Procedure 4(c)(3), service is effective only when the defendant returns an acknowledgment of service by mail—essentially a waiver of service. *See Tucker v. Williams*, 7 So. 3d 961, 966 (Miss. Ct. App. 2009) ("The implication is clear. If an allegedly served defendant does not return an acknowledgment of service by mail, the plaintiff must serve the defendant by some other means."). But the record lacks any acknowledgment from Handy. Nor has Vlasak demonstrated that he served her using any other permissible means.

The record fails to demonstrate that Vlasak has served Handy using *any* of the available means. At most, he has demonstrated his ineffective *attempts* to serve her. *See* Pl.'s Attach. [43-3] at 1–3, [43-4] at 2, [43-5] at 2; Pl.'s Attach. [49-3] at 2, [49-4] at 2. This is despite the extension of time the Court has given Vlasak. Vlasak has so far failed to serve Handy as required by Federal Rule Civil Procedure 4 or Mississippi Rule of Civil Procedure 4.

The next question, then, is whether dismissal is proper. Vlasak bases his complaint on events that occurred in 2022. This means a Rule 12(b)(5) dismissal now, over three years later, would likely be *with* prejudice. This is because, despite Handy's request that it be without prejudice, Vlasak could be time-barred from refiling his claims. *See Whittington v. City of McComb*, No. 5:15-cv-52-DCB-MTP, 2016 WL 8223427, at *3 (S.D. Miss. Nov. 23, 2016) (explaining Mississippi's general three-year statute of limitations applies to § 1983 claims). "[W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan*, 546 F.3d at 326 (citations omitted). "[D]ismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Id.* (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247

(5th Cir. 1980)). And the Fifth Circuit "has limited district courts' discretion to dismiss claims with prejudice." *Id*. (citation omitted).

    As here, when the dismissal under Rule 4(m) amounts to a dismissal with prejudice because the refiling of an action would be barred by the statute of limitations, then there must be "a clear record of delay or contumacious conduct by the plaintiff . . . and a lesser sanction would not better serve the interests of justice." *Id*. (quoting *Gray v. Fed. Acceptance Corp*., 634 F.2d 226, 227 (5th Cir. 1981)). "The circuit also requires some aggravating circumstances like '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id*. (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). Vlasak has caused the delay, but he "just doesn't seem to understand what is required or that his past efforts were ineffective." *See Davis,* 2025 WL 77066, at *5. And Handy failed to cite *Millan*, let alone address the applicable factors. She fails to show Vlasak's conduct meets the requirements for dismissal based on Rule 12(b)(5). *See Millan*, 546 F.3d at 326. Dismissal is improper, and Vlasak should be given a final opportunity to properly serve Handy.

## IV.    RECOMMENDATION

    For these reasons, the undersigned recommends the following:

1.    The Court should grant Handy's Motion to Dismiss [38] in part by holding that she has been improperly served, but deny her motion without prejudice as to the request that she be dismissed from the lawsuit.

2.    The Court should grant Vlasak a final 30-day extension of time to properly serve Handy. Vlasak must comply with the service requirements found in Federal Rule of Civil Procedure 4(e) and, to the extent he uses Mississippi's available service rules for serving Handy, he must also comply with Mississippi Rule of Civil Procedure 4(c), 4(e), and 4(l). Regardless of the service method he uses, he must serve on Handy both the summons *and* a copy of the complaint. Failure to do so may result in dismissal of this case.

V.    NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[3] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this the 6th day of February, 2026.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).